Michael C. Miller
Evan Glassman
Christopher J. Marino
STEPTOE & JOHNSON LLP
750 Seventh Avenue, Suite 1900
New York, New York 10019
Telephone:    (212) 506-3900

*Of Counsel:*

Michael R. Heimbold (*pro hac vice* application pending)
Dylan Ruga (*pro hac vice* application pending)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Telephone:    (310) 734-3200

*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMERON INDUSTRIES, INC., | |
| Plaintiff, | |
| vs. | 08 CV 3778 (RMB) (RLE) |
| SWAT.FAME, INC., a/k/a SWAT INC., | **ANSWER AND AFFIRMATIVE DEFENSES** |
| Defendant. | |

Defendant Swat.Fame, Inc. ("SFI") hereby answers the Complaint of Cameron Industries, Inc. ("Plaintiff") as follows:

1.    Answering paragraph 1 of the Complaint, SFI admits that this action is for copyright infringement and that jurisdiction and venue are proper in this Court. SFI denies that this action is for any other "unfair trade practices and unfair competition."

2. Answering paragraph 2 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 2, and, as such, denies the allegations of paragraph 2.

3. Answering paragraph 3 of the Complaint, SFI admits the allegations of paragraph 3.

4. Answering paragraph 4 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 4, and, as such, denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 5, and, as such, denies the allegations of paragraph 5.

6. Answering paragraph 6 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 6, and, as such, denies the allegations of paragraph 6.

7. Answering paragraph 7 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 7, and, as such, denies the allegations of paragraph 7.

8. Answering paragraph 8 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 8, and, as such, denies the allegations of paragraph 8.

9. Answering paragraph 9 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 9, and, as such, denies the allegations of paragraph 9.

355991.1
3448-2.9744

10. Answering paragraph 10 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 10, and, as such, denies the allegations of paragraph 10.

11. Answering paragraph 11 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 11, and, as such, denies the allegations of paragraph 11.

12. Answering paragraph 12 of the Complaint, SFI denies the allegations of paragraph 12.

13. Answering paragraph 13 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 13, and, as such, denies the allegations of paragraph 13.

14. Answering paragraph 14 of the Complaint, SFI denies the allegations of paragraph 14.

15. Answering paragraph 15 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 15, and, as such, denies the allegations of paragraph 15.

16. Answering paragraph 16 of the Complaint, SFI states that it does not have information sufficient on which to either admit or deny the allegations of paragraph 16, and, as such, denies the allegations of paragraph 16.

17. Answering paragraph 17 of the Complaint, SFI denies the allegations of paragraph 17.

18. Answering paragraph 18 of the Complaint, SFI denies the allegations of paragraph 18.

355991.1
3448-2.9744

19. Answering paragraph 19 of the Complaint, SFI denies the allegations of paragraph 19.

20. Answering paragraph 20 of the Complaint, SFI denies the allegations of paragraph 20.

21. Answering paragraph 21 of the Complaint, SFI denies the allegations of paragraph 21.

22. Answering paragraph 22 of the Complaint, SFI denies the allegations of paragraph 22.

23. Answering paragraph 23 of the Complaint, SFI denies the allegations of paragraph 23.

24. Answering paragraph 24 of the Complaint, SFI denies the allegations of paragraph 24.

25. Answering paragraph 25 of the Complaint, SFI denies the allegations of paragraph 25.

### FIRST AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, by the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, by estoppel.

355991.1
3448-2.9744

## FOURTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, by the fair use doctrine.

## SIXTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, because Plaintiff's alleged copyrighted design is subject to the *scenes a faire* doctrine and thus cannot be protected by copyright.

## SEVENTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, by acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, because SFI independently created the design at issue.

## NINTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, because Plaintiff committed fraud on the Copyright Office and Plaintiff's purported copyright registration is therefore invalid.

## TENTH AFFIRMATIVE DEFENSE

SFI alleges that the Complaint, and each of the causes of action contained therein, is barred, in whole or in part, because Plaintiff does not own the rights in the copyright at issue.

355991.1
3448-2.9744

## ELEVENTH AFFIRMATIVE DEFENSE

The answering defendant alleges that the Complaint fails to join indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

SFI reserves the right to assert all affirmative defenses available under any applicable federal and state law, and to assert any cross-claims, counterclaims and third-party claims when and if they become appropriate in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

SFI avers that it presently has insufficient knowledge or information upon which to form a belief as to whether there may be, as yet unstated, affirmative defenses available to SFI, and therefore reserves the right to assert any and all additional defenses in the event that discovery indicates that such defenses would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

SFI expressly reserves the right to amend and/or supplement its answer, defenses and all other pleadings.

WHEREFORE, SFI prays for judgment as follows:

1. That plaintiff take nothing by way of its complaint;

2. For attorneys' fees and costs of suit incurred; and

3. For such other and further relief as the court may deem just and proper.

| | |
|---|---|
| Dated: New York, NY<br>June 23, 2008 | STEPTOE & JOHNSON LLP<br><br>By:  /s Christopher J. Marino<br>      Michael C. Miller<br>      Evan Glassman<br>      Christopher J. Marino<br>      750 Seventh Avenue<br>      New York, NY 10019<br>      (212) 506-3900<br><br>*Attorneys for Defendant*<br>*Swat.Fame, Inc.* |

*Of Counsel:*
Michael R. Heimbold
  (*pro hac vice* application pending)
Dylan Ruga
  (*pro hac vice* application pending)
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
(310) 734-3200

7

355991.1
3448-2.9744

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served upon the parties listed below by electronic mail and Federal Express on June 23, 2008, a true and correct copy of the annexed Answer and Affirmative Defenses.

/s Kimberlyn Brzozowski

Jed R. Schlacter, Esq.
Schlacter & Associates
450 Seventh Avenue
New York, NY 10123
Jed10123@aol.com

*Attorney for Plaintiff*