# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Dylan Ruga
Tel 310.734.3228
Fax 310.734.3229
druga@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED: 8/26/08**

**MEMO ENDORSED**

RECEIVED AUG 28 2008
CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

August 26, 2008

The parties are directed to take this issue up with Magistrate Judge Ellis.

SO ORDERED:
Date: 8/26/08
Richard M. Berman, U.S.D.J.

Via HAND DELIVERY

The Honorable Richard M. Berman
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

Re:   *Cameron Industries, Inc. v. Swat.Fame, Inc.*
      **Docket No. 08-CV-3778 (RMB) (RLE)**

Dear Judge Berman:

This firm represents defendant Swat.Fame, Inc. ("SFI") in the above-referenced action.

The purpose of this letter is to request a pre-motion conference, pursuant to Your Honor's Individual Practices, regarding Plaintiff's refusal to participate in the discovery process. To date, while Plaintiff has provided perfunctory responses to SFI's written discovery, SFI has received *no documents* from Plaintiff, SFI has received *no substantive responses* to interrogatories, and Plaintiff *cancelled the deposition* of its 30(b)(6) witness without providing any alternative dates to SFI. Plaintiff's counsel claims that a confidentiality order must be signed before any documents are exchanged or interrogatories answered, but counsel for SFI provided only a few comments to Plaintiff's proposed confidentiality

STEPTOE & JOHNSON LLP

The Honorable Richard M. Berman
August 25, 2008
Page 2

order a week ago and has heard nothing since then. Clearly, the confidentiality order is not the cause of Plaintiff's delay.

Counsel for SFI has written several letters to Plaintiff's counsel in an attempt to resolve these issues amicably and without judicial intervention. Plaintiff's counsel, however, has ignored these letters and continues to frustrate SFI's attempts to obtain even the most basic discovery.

The prejudice suffered by SFI as a result of Plaintiff's egregious conduct is amplified by the fact that the discovery deadline in this matter is November 24, 2008--less than three months away. If SFI waits much longer to compel discovery from Plaintiff, it may not have enough time to serve and receive responses to subsequent requests.

Based on the foregoing, SFI requests the Court's permission to file, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a motion to compel: (1) documents responsive to SFI's first set of document demands; (2) responses to SFI's first set of interrogatories; and (3) the deposition of Plaintiff's 30(b)(6) witness. SFI also intends to seek sanctions, pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, for Plaintiff's willful disregard of its discovery obligations.

SFI looks forward to discussing these matters with Your Honor and working towards an expeditious resolution. Thank you in advance for your consideration.

Respectfully submitted,

Dylan Ruga

cc:   Jed Schlacter (counsel for Plaintiff)